CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 2 7 2007
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| REBECCA STRAWDERMAN, | Civil Action No. 5:06CV00081 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | By: Honorable Glen E. Conrad United States District Judge |
| Defendant. | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Rebecca H. Strawderman, was born on April 5, 1965, and eventually completed her high school education. Mrs. Strawderman has also completed several specialized vocational courses. Plaintiff has worked as a dispatcher, jailer, and program support technician with the Department of Corrections. She last worked on a regular and sustained basis in 2004. On January 11, 2004, Mrs. Strawderman filed an application for a period of disability and disability insurance benefits. She alleged that she became disabled for all forms of substantial gainful employment on December 1, 2003 due to arthralgia consistent with fibromyalgia. Mrs. Strawderman now maintains that she has

remained disabled to the present time. The record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner See, gen., 42 U.S.C. § 423.

Mrs. Strawderman's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated April 28, 2006, the Law Judge also ruled that plaintiff is not disabled. The Law Judge found that Mrs. Strawderman suffers from severe fibromyalgia/arthralgia with generalized pain. Despite such conditions, the Law Judge ruled that plaintiff retains sufficient functional capacity to perform her past relevant work as a dispatcher. Accordingly, the Law Judge ultimately concluded that Mrs. Strawderman is not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See, gen., 20 C.F.R. § 404.1520(f). The Law Judge's opinion was eventually adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Strawderman has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

2

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. It seems that following the birth of her son in 2003, Mrs. Strawderman developed pain throughout her body, as well as migraine headaches. After some initial confusion as to the cause of her symptoms, a rheumatologist diagnosed fibromyalgia. A treating orthopedic specialist has concurred in the diagnosis of fibromyalgia, as well as certain musculoskeletal impairments, and further opined that Mrs. Strawderman is disabled. Plaintiff's treating physician has also produced findings and opinions which establish that plaintiff is disabled for all forms of sustained work activity. Without offering an opinion as to plaintiff's capacity for work, plaintiff's treating pain specialist has determined that Mrs. Strawderman is significantly impaired, and has prescribed narcotic medication for pain control. There are no medical reports by physicians who have actually examined Mrs. Strawderman which indicate that her complaints are exaggerated, or that she retains the capacity to engage in regular work activity. Considering this body of medical evidence, the court must conclude that the Commissioner's final decision denying entitlement to disability insurance benefits is not supported by substantial evidence. In the absence of any medical report from an examining physician which indicates that Mrs. Strawderman retains sufficient functional capacity for some forms of work activity, the court concludes that plaintiff has met the burden of proof in establishing disability for all forms of substantial gainful employment.

As noted above, Mrs. Strawderman began to experience severe musculoskeletal discomfort following the birth of her child. Her pediatrician arranged for a referral to Dr. Frederick L. Fox, an orthopedic specialist. Dr. Fox ordered an MRI which revealed a degenerative disease process in the lower spine with mild bulging present at L2-3 and a left-sided disc protrusion at L4-5, with some narrowing of the left neural foramen. Dr. Fox reported that Mrs. Strawderman experienced very little

3

Case 5:06-cv-00081-GEC   Document 14   Filed 04/27/07   Page 3 of 7   Pageid#: 46

relief with medications. After a period of treatment, Dr. Fox referred Mrs. Strawderman to Dr. Mary Hagerty, a rheumatologist. Dr. Hagerty submitted a report on April 29, 2004. Following a clinical examination and appropriate testing, Dr. Hagerty diagnosed fibromyalgia.

Based on the orthopedic and rheumatological reports, plaintiff's family physician, Dr. George Bentrem, referred Mrs. Strawderman to a pain management specialist, Dr. Adetayo Mabadeje. Mrs. Strawderman began to see Dr. Mabadeje on a regular basis. Dr. Mabadeje attempted to control plaintiff's symptoms with various pain medications of graduating strength.

On August 20, 2004, Dr. Fox noted overall impressions as follows:

> Impression: Fibromyalgia, exogenous obesity, chronic mechanical back pain with prior evidence of abnormal MRI of the spine with discogenic disease plus chondromalacia of the right knee.
>
> It is agreed that medications would probably be under the guidance of the Augusta Pain Management Center / Dr. Mabadeje plus the office of Dr. Bentrem. She was counseled on weight reduction and some long term strengthening exercises. She will be seen in this office in four months for follow up. She was provided with long term handicapped parking.
>
> Her claim for social security disability is on appeal. The patient has been out of work for over a year and it is unlikely that she will be able to return to work in the next one to three years based on the current clinical presentation. She should be given all due consideration for disability status at this time.

(TR 257).

Mrs. Strawderman has remained under the care of Dr. George Bentrem. On November 30, 2005, Dr. Bentrem completed a medical assessment of plaintiff's physical ability for work-related activities. Dr. Bentrem noted that plaintiff's capacity for lifting, carrying, standing, and walking are significantly impaired, and that she uses a cane for ambulation. The doctor also reported that Mrs. Strawderman is unable to sit for prolonged periods because of pain in her legs. Dr. Bentrem opined that plaintiff is totally disabled for all forms of work activity.

4

While it is true that several state agency physicians, who did not personally examine Mrs. Strawderman, reviewed the record and concluded that plaintiff is not disabled, the court believes that the medical record in this case strongly documents plaintiff's disability for all forms of work. The administrative regulations provide that reports and opinions from treating physicians must be accorded greater weight than reports and opinions from medical sources who have not examined the claimant. See 20 C.F.R. § 404.1527(d)(1). Furthermore, even greater weight is to be given to opinions of medical sources who have treated a claimant over a period of time. See 20 C.F.R. § 404.1527(d)(2). As noted above, Dr. Fox, Dr. Bentrem, and Dr. Mabadeje have followed plaintiff over a period of many months. The governing administrative regulations also provide that more weight should be given to the opinions and reports of a medical specialist, such as a rheumatologist or orthopedist. See 20 C.F.R. § 404.1527(d)(5).

In the instant case, the court believes that the medical record is essentially undisputed. Dr. Fox and Dr. Mabadeje both presented clinical findings which tend to support their assessments as to the severity and persistence of plaintiff's fibromyalgia. Indeed, even the state agency physician observed that Dr. Fox's opinion as to plaintiff's disability is "fairly consistent with the other evidence in file." (TR 168). The court notes that if the Administrative Law Judge had reason to doubt the assessments from the treating physicians and medical specialists, the Law Judge had full authority to require Mrs. Strawderman to submit to examination by a medical consultant approved by the Commissioner. See 20 C.F.R. § 404.1517. No such consultative examination was commissioned in plaintiff's case. Thus, the court concludes that plaintiff's claim for disability can only be measured by the reports from the physicians who actually provided treatment in Mrs. Strawderman's case.

In denying plaintiff's claim, the Administrative Law Judge seemed to rely on various portions of plaintiff's testimony, which indicate that she is somewhat active in the care of her son. It is true that, in essence, Mrs. Strawderman testified that she does what has to be done. However, she also testified that her father provides help when necessary. (TR 312). She indicated that she finds it necessary to lie down during the day, and that she spends much of the day in her recliner with her legs elevated. (TR 313). She confirmed that she is able to sit for no more than about 10 or 15 minutes without experiencing discomfort. (TR 313). She noted that she feels exhausted almost all of the time, and that she experiences constant stiffness in her joints. (TR 314). In short, the court finds that Mrs. Strawderman's testimony is consistent with her allegations of total disability. The court does concur, however, in the Law Judge's observation that plaintiff's symptoms may not be permanent in duration. (TR 24). Dr. Fox indicated that Mrs. Strawderman may experience some improvement after the passage of time following her pregnancy. However, as noted above, Dr. Fox related that plaintiff's disability could be expected to persist for at least one to three years. (TR 257). Thus, the Commissioner may wish to review plaintiff's continuing eligibility for a period of disability at some later time.

In summary, the court concludes that the Commissioner's final decision in this case is not supported by substantial evidence. Based on the undisputed reports from the examining physicians, the court concludes that Mrs. Strawderman has met the burden of proof in establishing total disability for all forms of substantial gainful employment. Given the progression of the medical evidence, the court finds that plaintiff has met the burden in establishing disability onset as of December 1, 2003. The court has also found cause to recommend to the Commissioner that plaintiff's continuing eligibility for a period of disability be reviewed at an appropriate time.

6

Case 5:06-cv-00081-GEC   Document 14   Filed 04/27/07   Page 6 of 7   Pageid#: 49

For the reasons stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Defendant's motion for summary judgment must therefore be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act for entitlement to disability insurance benefits, judgment will be entered in favor of plaintiff. The final decision of the Commissioner will be reversed and the case remanded for the establishment of proper benefits. An order and judgment in conformity with this opinion will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 27th day of April, 2007.

*/s/ Glen Conrad*
United States District Judge